**E-FILED**
Tuesday, 05 June, 2012 04:14:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3116 |
| | ) | |
| WESTERN CORRECTIONAL CENTER, | ) | |
| JOHN AND JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Hill Correctional Center, pursues claims arising from alleged interference with his legal mail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

During Plaintiff's incarceration in Western Illinois Correctional Center, he corresponded with the Uptown People's Law Center, for the purpose of obtaining representation in an unidentified case. The Law Center allegedly mailed confidential legal mail to Plaintiff which was received by the prison's mail room on February 27, 2012. Plaintiff alleges that the mail room staff never delivered this confidential mail, instead destroying the letter. Plaintiff asks for injunctive relief and

3

money damages.

Plaintiff's request for injunctive relief is moot, since he has been transferred to Hill Correctional Center, and there is no suggestion that his legal mail is being interfered with at Hill. However, he does state an arguable First Amendment claim. Prisoners have a First Amendment right to send and receive mail. <u>Rowe v. Shake</u>, 196 F.3d 778, 782 (7th Cir. 1999). Additionally, prisoners also have a constitutional right to have confidential legal mail opened in their presence to check for contraband, rather than outside their presence. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577 (1974). However, sporadic or negligent violations of these general principles do not rise to Constitutional violations. *See* <u>Guarjardo-Palma v. Martinson</u>, 622 F.3d 801, 804 (7th Cir. 2010); <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 572-73 (7th Cir.2000). Those determinations must await a developed factual record. At this point, Plaintiff's allegations are sufficient to state a claim.

However, Plaintiff identifies no individuals for service, since he does not know who is responsible. Western Illinois Correctional Center is not

a proper Defendant. The Court will add Warden Richard Young for the purpose of assisting Plaintiff in identifying the correct Defendant(s). Once counsel has appeared for Defendant Young, Plaintiff should send a discovery request to Young asking for the names of the mail room staff working at Western during the relevant time period. *See* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996)(to assist a pro se plaintiff in identifying defendants, court may "allow[] the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible.").

IT IS THEREFORE ORDERED:

1) The merit review scheduled for June 11, 2012 is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a federal constitutional claim arising from the alleged interference with his incoming legal mail. Any additional claims shall not be included in the case, except at the Court's

discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Western Illinois Correctional Center is dismissed as a Defendant.

4) Richard Young, the Warden of Western Illinois Correctional Center, is added as a Defendant in his official capacity.

5) The Clerk is directed to send to Defendant Young pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

6) If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require him to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) If Defendant no longer works at Western Illinois Correctional Center, the litigation coordinator at the prison shall inform the Clerk of

the name of the current Warden of Western Illinois Correctional Center and shall deliver the waiver of service to the current Warden. The current Warden shall be substituted as a Defendant automatically under Fed. R. Civ. P. 25(d).

8) Defendant shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

9) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

10) Once counsel has appeared for a Defendant, Plaintiff need not

send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 30, 2012, at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough.  Plaintiff shall appear by video conference.  Defense counsel shall appear in person. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

12) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

13)  Plaintiff shall immediately notify the Court of any change in

his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

14) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: June 5, 2012

FOR THE COURT:

                                        s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE