E-FILED
Tuesday, 31 December, 2013  08:52:21 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3116 |
| | ) | |
| LORI RUTH, CHRIS SIEVERS, | ) | |
| and KARIN O'HARA, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Hill Correctional Center, pursues claims arising from alleged interference with his incoming legal mail.   Discovery has closed except for Plaintiff's pending motions to compel, which are moot except for Plaintiff's requests for his legal mail logs.   Defendants will be directed to inform the Court if the legal mail logs have been located and produced.

On a separate matter, Defendants have filed a summary judgment motion.  On summary judgment, evidence is viewed in the light most

favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Most of the material facts are undisputed.   On December 30, 2011, Plaintiff sent a letter to the Uptown People's Law Center, seeking legal representation in a pending civil rights case in the Southern District of Illinois and an Illinois Court of Claims case.   On February 3, 2012, Plaintiff received a response from the Center asking for more information in order to vet Plaintiff's cases to possible attorneys.   Plaintiff mailed the requested information to the Center on February 7, 2012.   Plaintiff followed up with another letter to the Center on February 10, 2012.

Construing inferences in Plaintiff's favor, on February 27, 2012, the prison mail room received mail from the Center addressed to Plaintiff. The general procedure for handling legal mail was to log the mail, copy the face of the envelope, send the mail to security staff for delivery to the inmate, and receive back from security staff the copy of the envelope with the inmate's signature indicating that he received the mail.

The mail from the Center to Plaintiff was logged, with Defendant Roth signing her initials that the mail had been "flouroscoped," or x-rayed. However, the record supports an inference that the mail was never delivered to Plaintiff.   Defendants do not know what happened to the mail after it was logged, asserting that, at most, the lapse was an isolated instance of negligence.   Plaintiff contends that a more sinister inference of intentional destruction arises from the fact that, when Plaintiff first asked for a copy of his legal mail log, the log he received had been altered.   The record of the Center's mail received by the prison on February 27 had been erased.   None of the defendants have any idea why Plaintiff's legal mail log would have been altered.

An inference does arise from the alteration that someone tried to cover up the receipt of the Center's letter, which might give rise to an inference that letter had been intentionally withheld from delivery to Plaintiff.   However, Defendants are correct that an isolated incidence of mail tampering is generally not serious enough to arise to a constitutional violation.   *See* Sizemore v. Williford, 829 F.2d 608 (7th Cir.

1987)(inmate's allegation of intentional and repeated withholding of reading material stated First Amendment claim, contrasting with "isolated instances of loss or theft."); <u>Kincaid v. Vail</u>, 969 F.2d 594 (7th Cir. 1992)(Where inmate presented no evidence of defendants' motive or intent, mistake by clerk's office was an isolated act of negligence not actionable under the Constitution.); <u>Willis v. Washington</u>, 172 F.3d 54 (7th Cir. 1999)(unpublished)(one-time destruction of box placed in prison mail containing correspondence would not allow a reasonable juror to "infer . . . an ongoing pattern of mail tampering which rises to the level of a constitutional violation).

However, not enough information is in the record to determine whether this was an isolated occurrence.   Plaintiff testified that he sent other letters to the Center after February, 2012, to which he received no response.   Defendants have not yet produced Plaintiff's complete legal mail log which would show all the incoming and outgoing correspondence between Plaintiff and the Center.   Nor has anyone tried to subpoena records from the Center, which would show the mail the Center sent to

Plaintiff in late February, 2012, and whether the Center tried to send Plaintiff other mail that was not delivered to Plaintiff.   This information is needed for the Court to determine whether the event was an isolated occurrence or a pattern.

IT IS THEREFORE ORDERED:

1) Plaintiff's motions to compel ## 39, 41, 42, and 44 are denied as moot because Defendants represent that they have provided the requested information, except for Plaintiff's mail logs.

2)   By January 31, 2014, Defendants are directed to inform the Court whether they have located and produced Plaintiff's incoming and outgoing mail logs.

3)   Plaintiff's motion for a copy of his deposition is denied as moot (d/e 43).   A copy of Plaintiff's deposition was attached to Defendants' motions for summary judgment.

4)   Plaintiff's motion regarding the delay in delivery of his mail at Hill Correctional Center is denied to the extent Plaintiff seeks action from the Court (d/e 47).

5)   Plaintiff's motion for an extension for Defendants to complete discovery is denied as unnecessary (d/e 48).   According to Defendants, they have responded to Plaintiff's discovery requests, except for the legal mail logs.

6)   Plaintiff's motion for sanctions is denied (d/e 53).   Plaintiff contends that he was not permitted time to review his deposition.   That is not grounds for a sanction.   Additionally, Defendants' information suggests that Plaintiff refused opportunities to review his deposition.

7)   Plaintiff's motion for the appointment of counsel is denied (d/e 60).   Plaintiff's pleadings demonstrate that he is competent to proceed pro se in light of his relatively simple claim—interference with his legal mail. Plaintiff already knows the relevant facts, and Plaintiff has experience litigating in federal court.   <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).

8)   Defendants' motion for summary judgment is denied (d/e 49) with leave to renew, attaching:   1) Plaintiff's incoming and outgoing legal mail log from November 1, 2011 through the last day Plaintiff was

incarcerated in Western Illinois Correctional Center in 2012; 2) the docket sheet for Plaintiff's case in the Illinois Court of Claims; 3) correspondence sent from Uptown People's Law Clinic to Plaintiff between January 1, 2012 through the last day Plaintiff was incarcerated in Western Illinois Correctional Center in 2012; and, 4) correspondence received by Uptown People's Law Clinic from Plaintiff between January 1, 2012 through May, 2012.  If the correspondence is privileged, a list of the dates and a general description will suffice.

    8)  Defendants' renewed summary judgment motion is due March 14, 2014.

    9)  A final pretrial conference is set for July 14, 2014 at 10:00 a.m.

    9)  Plaintiff's motion for status (d/e 59) is denied as moot.

ENTERED: 12/31/13

FOR THE COURT:

                            s/Sue E. Myerscough
                        SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE